**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARY LOU KINLAW,**

    **Plaintiff,**

vs.                                                      **Case No. 4:07cv405-RH/WCS**

**MICHAEL J. ASTRUE,
SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, submitted a document in this Court on September 21, 2007, doc. 1, which was liberally construed as a civil action seeking review of an administrative denial of social security disability benefits.  *See* doc. 4.  Plaintiff's complaint was insufficient, however, and she was required to submit an amended complaint, *id.,* which she did on November 5, 2007.  Doc. 5.  Therefore, an order was entered advising Plaintiff of her responsibility to serve her appeal on the Defendant[1] within 120 days pursuant to FED. R. CIV. P. 4(m).  Doc. 6.  That order was entered on November 15, 2007, and Plaintiff was directed to serve her appeal within 120 days of that date.  *Id.*  The provisions of service were explained and Plaintiff directed to serve

---

[1] The Defendant is the Commissioner of the Social Security Administration.

the Defendant, as well as the United States Attorney for this district and the Attorney General of the United States as required under FED. R. CIV. P. 4(i). *Id.*

A supplemental order was issued to Plaintiff on January 18, 2008, reminding Plaintiff of her obligation to serve the complaint and advising that there were only 55 days remaining to serve Defendant. Doc. 9. No response to that order was received and, indeed, nothing had been received from Plaintiff at all since a January 17, 2008, notice Plaintiff filed stating what medications she was taking. Doc. 8.

Thus, on June 6, 2008, because it appeared Plaintiff had abandoned this litigation, an order to show cause was entered requiring Plaintiff to demonstrate why this case should not be dismissed for failure to serve the complaint. Doc. 10. Plaintiff responded on July 1, 2008, by submitting a letter indicates Plaintiff has been ill and has just begun to feel better. Doc. 1. While Plaintiff explains her various ailments, Plaintiff makes no explanation as to why she could not have mailed documents to serve the necessary parties, or why she could not have filed a motion requesting assistance with service of process if she was not able to do so herself.[2] At this point, the 120 day service period has long been over and that period has nearly doubled as it is now 231 days from the November 15th order.

Therefore, because Plaintiff failed to serve her appeal within the 120 day period as explained in the court order and has failed to prosecute this action, this case should be dismissed. Plaintiff was provided an opportunity to demonstrate good cause for having failed to comply with the service order, but her response is insufficient to extend the service period. This case should be dismissed.

---

[2] The service order advised Plaintiff she could file such a motion. Doc. 6, p. 2.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint seeking judicial review of the denial of her application for social security disability benefits, doc. 5, be **DISMISSED** for failure to serve the complaint within 120 days and for her failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on July 3, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**